

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 29, 1970

Honorable John Lawhon
District and County Attorney
Denton County Courthouse
Denton, Texas 76201

Opinion No. M-762

Re: Does Article 4494i-1,
V.C.S., authorize a
county-city hospital
board to borrow money?

Dear Mr. Lawhon:

Rephrased, your question is as follows:

We would like to know if the broad powers
given to a joint county-city hospital board under
Article 4494i-1, V.C.S., include the power to
borrow money.

Our answer is "no", this Article does not allow the
board to borrow money, except by revenue bonds.

We note, however, that even though the board is called
a "body politic", its financial powers are limited in that it
has neither the power to tax (Section 1)* nor to

". . . encumber, sell, lease or convey any
real or personal property unless . . . approved
prior to the final consummation thereof by reso-
lutions of the commissioners court of said county
and the governing body of said city, respectively."
(Section 5).

Article 4494i-1 provides two major means of financing
the hospital. The first is stated in Section 6, which reads,
in part, as follows:

---

*All references to Sections are to Sections of this Article
4494i-1, V.C.S.

-3723-

> "Sec. 6. For the purpose of carrying out any power, duty, or function authorized by this Act, said Hospital Board shall be authorized to issue its revenue bonds to be payable from, and secured by a pledge of, all or any part of the revenues, income, or resources of the Hospital Board and the hospital facilities of said Board."

This section further states that the Board has no taxing power and that the bonds shall contain such statement.

The second major source of funds is provided for in Section 9, which reads, in part, as follows:

> ". . . it shall be the duty of said Board to establish and collect <u>sufficient charges for services and facilities</u>, and to utilize <u>all other available sources of revenues and income</u>, in order to pay all expenses . . ." (Underscoring added.)

The funds to be derived pursuant to the underscored wording ". . . all other available sources of revenues and income . . ." are limited to those funds acquired as a result of money received from the state or federal governments as set out and authorized in Section 5.

Since the Legislature has been specific in listing the modes of financing the overall operation of the hospital, i.e., revenue bonds, charges for services and facilities, and state and federal funds, all other means of financing are excluded. The statutory construction maxim of expressio unius is controlling here. 53 Tex.Jur.2d 206-207, Statutes §142.

The Board's right to create a debt, even through revenue bonds, is subject to the approval of both the commissioners court and the governing body of the city. Section 8.

Since Article 4494i-1 does not authorize the governmental unit to borrow money, either expressly or impliedly, that power must be held not to exist. Tarrant County v. Rattikin Title Co., 199 S.W.2d 269, 273 (Tex.Civ.App. 1947, no writ). Every reasonable doubt as to the existence of such a power in the circumstances is resolved against its existence. 82 C.J.S. 917, Statutes §387.

It is suggested that in considering such legislative enactments due regard must be given also to any constitutional limitations prohibiting the creation of debt. Article I, Section 49, Constitution of Texas.

We hold that the Board of a hospital created pursuant to Article 4494i-1 is not authorized to borrow money to finance its operation, except by revenue bonds, as authorized in that Article.

## S U M M A R Y

A joint county-city hospital board created in accordance with Article 4494i-1, V.C.S., is not authorized to borrow money to finance its operation, except by revenue bonds, as authorized in that Article.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Melvin E. Corley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Tom Fortescue
Pat Bailey
Jerry Roberts
James Mabry

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant